OPINION
{¶ 1} Appellant, Paul Shumaker, appeals from the trial court's judgment confirming the sale of property in the underlying foreclosure action. We dismiss.
 {¶ 2} On October 25, 2001, the trial court entered summary judgment in favor of appellee on its foreclosure action. On June 27, 2003, the trial court entered an order confirming the sale of the real estate. Appellant appeals from the June 27, 2003 order raising six assignments of error:
 {¶ 3} "[1.] Summary judgment was improperly granted because there existed a genuine issue of material fact as to the amount of the judgment.
 {¶ 4} "[2.] Appellee breached an agreement to reinstate the loan.
 {¶ 5} "[3.] Appellant [sic] waived any breach of contract by failing to notify appellee [sic] that the reinstatement agreement required a larger payment.
 {¶ 6} "[4.] Appellee was subject to conflict of interest in requiring appellant to carry insurance through a related agent.
 {¶ 7} "[5.] Appellee Charter One Bank is the improper party to bring suit in this matter.
 {¶ 8} "[6.] Appellant was denied effective assistance of counsel in responding to the motion for summary judgment."
 {¶ 9} Appellant's assignments of error are premised on the trial court's grant of summary judgment entered October 25, 2001, not the order confirming sale entered June 27, 2003. The order granting summary judgment on the foreclosure action was a final appealable order. Fed. Home Loan Mortg. Corp. v. McDaniel (Aug. 2, 1995), 9th Dist. No. 17142, 1995 Ohio App. LEXIS 3203, 4-5, citing Third Natl. Bank of Circleville v. Speakman (1985),18 Ohio St.3d 119, 120; Oberlin Savings Bank v. Fairchild (1963),175 Ohio St. 311, 312.
 {¶ 10} Appellant had thirty days from the judgment entry of October 25, 2001 to perfect his appeal. App.R. 4(A). The time limit established by App.R. 4 is jurisdictional. In re Potter,
3rd Dist. No. 11-03-06, 2003-Ohio-4735, ¶ 5.
 {¶ 11} Appellant filed the instant appeal on July 28, 2003 — twenty-one months after the entry of the judgment from which he actually appeals. Because appellant's assigned errors are predicated on the trial court's October 25, 2001 judgment entry, not the June 27, 2003 judgment entry, we lack jurisdiction to consider the merits of this appeal.
 {¶ 12} For the foregoing reasons, this appeal is dismissed.
O'Neill, J., Grendell, J., concur.